**Joseph MANCUSO, Plaintiff-Appellee,**

v.

**INDIANA HARBOR BELT RAILROAD, Defendant.**

**Appeal of Owen W. CRUMPACKER.**

**No. 77–1466.**

United States Court of Appeals, Seventh Circuit.

Jan. 20, 1978.

Rehearing In Banc Denied March 1, 1978.

Owen W. Crumpacker, Hammond, Ind., for appellant.

Saul I. Ruman, Hammond, Ind., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and PELL and BAUER, Circuit Judges.

PER CURIAM.

Owen W. Crumpacker filed a notice of appeal from an order entered February 22, 1977 in the District Court for the Northern District of Indiana. The record has been docketed in this court and briefs submitted by Appellant Crumpacker and counsel for Appellee Mancuso. Appellee's brief contends, in part, that the appeal should be dismissed (1) because of appellant's failure to prepare his brief in compliance with the rules and (2) because the order appealed from is not a final appealable order.

The order appealed from was entered February 22, 1977 upon a motion of plaintiff to bar Appellant Crumpacker from practicing in the district court until certain costs of appeal (allowed in the decision of an earlier appeal) are paid. After describing the motion and summarizing certain activity of appellant in connection with the above entitled case, both in the district court and the court of appeals, the order provided:

Accordingly, Owen W. Crumpacker is ordered to show cause, if any he has, on or before March 10, 1977 as to why he should not be suspended from the practice of law in this court. In the event that such costs are paid by or before March 10, 1977, then this order will be

deemed to be discharged. Otherwise, it shall remain in full force and effect. In the event such costs are not paid, the showing of Owen W. Crumpacker shall be in writing. In the event that said showing shall be inadequate in the opinion of this court, a further hearing will be held, at which time Owen W. Crumpacker will be required to show cause as to why he should not be permanently barred from the practice of law in the United States District Court for the Northern District of Indiana.

It is crystal clear that the order is not a final order. It is equally clear that an attorney with the length of experience of appellant must have known it was not a final order. The record on appeal, returned pursuant to appellant's designation, consists in large part of returns to the order to show cause and various other motions and objections filed by appellant on various dates *after* the date of the order appealed from. The only document in the record filed before the date of the order appealed from was the motion of plaintiff which was the predicate for the order to show cause, appealed from. Moreover, on March 1, 1977, three weeks before the filing of the notice of appeal, the district court entered an order reciting appellant's filing in the Supreme Court of a petition for certiorari to review a related judgment of this court, and, on that account continuing without date the order appealed from, directing appellant to show cause on or before March 10, 1977.

In a vain attempt to characterize the order appealed from as final, appellant's notice of appeal described the order as "finding defendant guilty of alleged misconduct."

Compounding that attempt, appellant, on page 7 of his brief, paraphrased a part of the order as "By way of punishment, defendant was ordered to pay $545.60 in costs taxed in favor of 'Joseph Mancuso, plaintiff-appellee' by the Court of Appeals or be permanently barred from the practice of law in the United States District Court for the Northern District of Indiana."

Further, on page 25 of his brief, appellant described the order as follows: "Judge Eschbach took cognizance of defendant's failure to pay the 'Bill of Costs' in the amount of $545.60, found *defendant guilty of misconduct under Title 18 U.S.C. § 401(3) and, in addition to entering a fine in the amount of the 'Bill of Costs,' sentenced him to be permanently disbarred.*" We have italicized a portion of the description which is clearly a misrepresentation.

Much of the material in appellant's fifty-page brief would have been wholly irrelevant to the appeal if the order were appealable, or even if it had disbarred appellant as falsely characterized.

Accordingly, this court finds:

(1) That the order appealed from is not final, nor otherwise appealable, and the appeal must be dismissed.

[2] (2) That the appeal was frivolous, taken for delay, and imposed an unnecessary burden on this court and on appellee, and that appellant must have so known. The matter is clear from the record and briefs, and, pursuant to Rule 2, F.R.A.P., the matter is decided without argument.

(3) That it is appropriate, pursuant to Rule 38, F.R.A.P., to award just damages and double costs to appellee.

(4) That appellee's damages, at a minimum, are a reasonable attorney's fee for the preparation of appellee's brief, and that, at a minimum, such attorney's fee is determined at $350.

And IT IS ORDERED,

That the Clerk of this court enter judgment dismissing the appeal, awarding double costs in favor of appellee and against appellant, and awarding recovery by appellee from appellant of $350 damages.