PUBLISH**
BRISCOE, Circuit Judge.
Thomas L. English, a former Assistant United States Attorney, seeks review of a district court post-judgment order allegedly censuring him for misconduct in connection with his handling of a material witness in United States v. Gonzales, 95-CR-538 (D.N.M.). We dismiss the appeal for lack of standing.
*1038 I.
Gonzales was a complex, highly intense criminal prosecution in which the government charged twenty-three members of an Albuquerque street gang with various gang-related crimes including murder, attempted murder, drug trafficking, racketeering, and conspiracy. English was the lead prosecutor. During the discovery stage, the district court issued an order suppressing the testimony of a material witness as a sanction for prosecutorial violations. Specifically, the district court found that the government had improperly coerced the testimony of the witness by issuing an arrest warrant that could be avoided if she cooperated, and that English had misrepresented to the court the extent of the government’s contact with and control over the witness in order to avoid producing her to defense counsel.
The government filed an interlocutory appeal from the district court’s suppression order, and we affirmed in part, reversed in part, and remanded. United States v. Gonzales, 164 F.3d 1285, 1293 (10th Cir.1999). We rejected the district court’s determination that the government had improperly coerced the material witness, id. at 1289-91, but affirmed the district court’s conclusion that the government had misrepresented the extent of its contact with and control over the witness and interfered with defense access to her. Id. at 1292. Further, we concluded that the sanction of suppressing the witness’ testimony was too severe and remanded to the district court for consideration of lesser sanctions, such as “allowing the witness to be redeposed by defense at government expense, censuring or fining the government attorneys involved in the misconduct, or recommending disciplinary proceedings against the government attorneys involved.” Id. at 1293.
Following remand, the Disciplinary Board of the Supreme Court of New Mexico commenced inquiry into a complaint filed against English by defense counsel. The Disciplinary Board, after conducting an investigation of English based on his purported violation of the Rules of Professional Conduct in connection with Gonzales, issued an opinion finding there was insufficient evidence to support probable cause that he had engaged in misconduct.
Approximately nine months after the Board completed its investigation, the district court conducted an in camera hearing to determine whether personal sanctions should be imposed against English. By this time, the defendants in Gonzales had pled guilty and had been sentenced. At the in camera hearing, English apologized for any actions on his part that might have led the court to believe he was not respecting its authority. English also submitted a copy of the Disciplinary Board’s report to the court. A representative for the defendants stated that the question of sanctions was for the court to decide and the defendants would make no recommendation regarding the matter. The district court stated that the case had been difficult for all parties involved, and that English and the other government attorneys had not made it easier with their tactics. The court also noted that defense counsel had caused their share of problems with repeated allegations of prosecutorial misconduct, many of which were unfounded. The court stated its belief that everyone had learned from the experience and concluded there would “be no further sanctions imposed in this matter.” Aplt.App., Exh. 10 at 619.
Approximately three months later, the district court issued an order memorializing the in camera hearing. The order began by restating the relevant facts, and then stated:
*1039 As the Court stated from the bench, this was a very difficult and trying case for everyone involved. However, the fact that this case was very tense and emotional does not absolve those who are entrusted with the power and authority of the State of their responsibilities as Officers of the Court. Armed with the power to deprive people of their liberty, the Government has a duty to ensure justice. The Government is not simply an adversary. The Government’s focus should not be to win at all costs, but to advance integrity and fairness in our legal system.
While this Court does not approve of the conduct of the Government in this case, this Court does not wish to prolong this matter any further. Counsel for the defendants did not take a position on the sanctions this Court is to impose. The Assistant United States Attorney has been before the State Disciplinary Board for his conduct in this case, and has suffered the consequences of his conduct in his community of fellow prosecutors as well as in the defense community. The Court trusts that the Government has learned from this experience, and in future cases will use its power not simply to gain the best advantage, but to make decisions that advance the fairness and integrity expected' of those of us entrusted with the awesome power to decide people’s lives. Therefore, the Court declines to impose sanctions.
Aplt.App., Exh. 1 at 448-49. English, on his own behalf, filed a motion asking the district court to reconsider its order. English argued that the district court’s order constituted a criminal contempt sanction because it operated as a public censure. He also complained that he did not receive notice that the in camera hearing would operate as a criminal contempt proceeding, and therefore he had not been allowed to present his side of the matter to the district court. He further argued that the only evidence before the court were the materials he submitted and those materials mandated a finding in his favor on the issue of misconduct. The district court denied English’s motion in a written order issued June 3, 2001. The court concluded its April 18, 2001, order did not sanction English. Instead, it concluded that order “simply reiterate[d] the background of the case, stat[ed] previous findings that were made about the Government’s conduct ... and restate[d] in written form what the Court stated from the bench (to which the Government did not object at the time it was said).” ApltApp., Exh. 3 at 510. English seeks appellate review of the district court’s orders issued April 18 and June 3, 2001.
II.
The threshold, and ultimately determinative, issue is whether the district court’s orders rise to the level of a sanction.[1] Because we conclude they do not, we in turn conclude that English has nothing from which to appeal. In other words, we conclude that English was not injured in the legal sense by those orders and therefore lacks standing to appeal.
The Circuits are divided over whether a court’s written decision finding attorney misconduct, but not specifically imposing any type of sanctions (monetary or otherwise), is appealable. On one end of the spectrum is the Seventh Circuit, which has held that an attorney may not appeal from an order that finds misconduct but does not result in monetary liability, despite the potential effects of the finding on the attorney’s professional reputation. See *1040 Clark Equip. Co. v. Lift Parts Mfg. Co., 972 F.2d 817, 820 (7th Cir.1992). On the other end of the spectrum is the Fifth Circuit, which has held that a written order finding an attorney engaged in professional misconduct, but not imposing monetary liability or other sanctions, constitutes an appealable injury. See Walker v. City of Mesquite, 129 F.3d 831, 832-33 (5th Cir.1997) (stating “the importance of an attorney’s professional reputation, and the imperative to defend it when necessary, obviates the need for a finding of monetary liability or other punishment as a requisite for ... appeal”). Other circuits lie somewhere between. See Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1199 (9th Cir.1999) (concluding that a formal finding of a violation of a specific rule of ethical conduct is akin to an explicit pronouncement of a reprimand and is thus appealable); In re Williams, 156 F.3d 86, 92 (1st Cir.1998) (concluding that only judicial comments expressly identified as reprimands or sanctions are appealable); Sullivan v. Comm. on Admissions & Grievances, 395 F.2d 954, 956 (D.C.Cir.1967) (holding a district court’s written finding that attorney violated several judicial canons, but declining to impose sanctions, was appealable). Although we have held that “[cjounsel have standing to appeal orders that directly aggrieve them,” Weeks v. Indep. Sch. Dist. No. 1-89, Oklahoma County, Okla., 230 F.3d 1201, 1207 (10th Cir.2000), we have not decided whether an attorney is “directly aggrieved” by an order simply finding misconduct on his or her part.
We find it unnecessary to decide the issue here given the facts of this ease. Even if we were to adopt the Fifth Circuit’s position in Walker, i.e., that a written finding of professional misconduct is sufficient to provide an attorney standing to appeal, it is apparent there was no such finding in the orders that English now seeks to challenge. In its April 18, 2001, order, the district court reviewed its earlier findings and stated that the government’s focus should not be to win at all costs but to advance integrity and fairness in the legal system. The court stated that it did not approve of the government’s conduct and hoped it had learned from the experience, and in the future would use its power not to gain the best advantage, but to make decisions which would advance fairness and integrity. Importantly, and contrary to English’s assertions, the district court made no new “factual findings” in its order, and instead restated its earlier findings (made in 1997). Although English argues the court’s restatement of its earlier findings constitutes a “reimposition” of sanctions, he cites no authority for this proposition other than an obscure reference to defamation law which has no bearing on this case. Likewise, there were no “new” findings of misconduct in the court’s June 3, 2001, order rejecting English’s motion for reconsideration.
As a final matter, we reject the dissent’s suggestion that English was “previously unable to fully contest this matter” or was otherwise denied due process. Dissent at 16. When the district court issued its original suppression order, the government filed a timely interlocutory appeal challenging that order. Although the district court’s order included findings of misconduct on the part of English, English did not timely seek to intervene in the government’s interlocutory appeal in order to challenge those findings, but instead waited to file a motion to intervene after this court’s decision was issued. See generally Penthouse Int’l Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 385-86, 392 (2d Cir.1981) (allowing an attorney to intervene on appeal to contest the district court’s finding of misconduct which was part of its reasoning in dismissing a complaint for discovery abuses). On remand, *1041 English made no effort to seek an eviden-tiary hearing, but instead proffered the record of the state disciplinary proceeding in an attempt to rebut the district court’s findings that he had engaged in misconduct. Further, English made no attempt to appeal the findings of misconduct (i.e., those contained in the district court’s suppression order) after final judgment was entered by the district court. See generally Cunningham v. Hamilton County, Ohio, 527 U.S.198, 209-10, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (concluding that sanction orders are typically appealable only after final judgment is entered).
The appeal is DISMISSED.

The majority opinion is published only because the dissent is published.

. There is no doubt that the order from which English seeks to appeal is "final” for purposes of 28 U.S.C. § 1291, and that English’s appeal is post-judgment.