**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

KRIS and CAROLE ELLEN
TEAFORD, Husband and Wife,

　　　　　Plaintiffs,

　　v.

FORD MOTOR COMPANY, a
Delaware corporation; and TRW
VEHICLE SAFETY SYSTEMS, INC.,
an Ohio corporation,

　　　　　Defendants.

_____

CHERIE M. CHAPPELL,

　　　　　Movant-Appellant.

No. 03-3070

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. NO. 01-CV-1006-MLB)**

_____

Submitted on the Briefs 　*

Cherie M. Chappell, Edmond, Oklahoma, pro se.

_____

　　*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination
of this appeal.　_See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).　The case is
therefore ordered submitted without oral argument.

Before **TACHA** , Chief Circuit Judge,   **McKAY** , and **McCONNELL** , Circuit Judges.

**McCONNELL** , Circuit Judge.

Cherie M. Chappell, an Oklahoma attorney, appeals pro se a district judge's order refusing to reconsider his earlier referral of Ms. Chappell's conduct to the Oklahoma Bar Association.  We dismiss the appeal for lack of jurisdiction.

Ms. Chappell was co-counsel for the plaintiffs in a products liability action arising out of a Ford Explorer rollover following a tire blowout.  Ms. Chappell filed the initial complaint in the District of Kansas, but the case was transferred to the Southern District of Indiana, where federal cases involving Ford vehicles and Firestone tires were being consolidated.  The plaintiffs relied on attorneys other than Ms. Chappell to handle the case in Indiana, and the case was eventually settled.  Ms. Chappell had a disagreement with her former co-counsel, a Mr. Nelson, over the division of attorney's fees, and Mr. Nelson filed a motion in Indiana to have the court resolve the fee dispute.  In response, Ms. Chappell filed a motion to set aside the settlement for reasons of fraud, in which she claimed to have discovered evidence that the plaintiffs (her former clients) had, with the knowledge of Mr. Nelson, staged the accident in order to avoid trial on an

unrelated criminal charge. The case was transferred back to the District of Kansas for resolution of Ms. Chappell's motion and the fee dispute.

The district court held a hearing on Ms. Chappell's allegations on November 4, 2002. Ms. Chappell testified that Kenneth Poland, a Texas criminal lawyer and Ms. Chappell's father, had discovered that Mr. Nelson was representing one of the plaintiffs, Carole Teaford, in a criminal matter at the time of the accident and that the criminal trial was continued on account of the serious injuries that Mrs. Teaford had sustained in the accident. Ms. Chappell argued that these facts supported an inference that Mrs. Teaford had staged the accident in order to avoid trial on the criminal charges. After extensive testimony from Ms. Chappell, Mr. Poland, and other witnesses, the district court concluded that there was no evidence to support Ms. Chappell's fraud allegations. The court invited Mr. Nelson and other parties and counsel who had incurred costs in defending against Ms. Chappell's allegations to move for sanctions against her. Finally, the judge stated that he would send copies of the transcript to disciplinary authorities in Oklahoma, where Ms. Chappell is licensed, and Texas.

On November 15, 2002, the district judge sent a letter to the General Counsel of the Oklahoma Bar Association. The letter stated, in relevant part,

> I have enclosed a transcript from a hearing recently held in my court. Cherie Chappell, an Oklahoma attorney, testified at the hearing. Ms. Chappell is not admitted in Kansas. If she was a Kansas attorney, I would refer the matter of her conduct in this case to the Kansas

Disciplinary Administrator. Since she is not, I am submitting the matter to you for your consideration and appropriate action.

Copies of the letter were also sent to the attorneys of record in the case, and a copy was placed in the district court docket. The judge sent a similar letter, with the enclosed transcript, to the disciplinary authority in Texas, where Mr. Poland is licensed, regarding his testimony at the hearing.

Mr. Poland filed a complaint of judicial misconduct pursuant to the procedures outlined in 28 U.S.C. § 372(c) (repealed Nov. 2, 2002), contending among other things that the judge should have provided Mr. Poland a due process hearing before filing a grievance against him with the Texas disciplinary board. Chief Judge Tacha found the complaint to be without merit and frivolous, stating that she was unaware of any authority that required the judge to provide Mr. Poland any form of due process before referring him to a disciplinary board.

Ms. Chappell filed a motion to reconsider with the district court making the same argument, namely, that the district judge was required to provide Ms. Chappell with notice and a hearing before imposing Rule 11 sanctions on her and referring her conduct to a disciplinary board. The district court denied the motion on the grounds that he had not imposed Rule 11 sanctions on Ms. Chappell and that no due process hearing was required. Ms. Chappell now appeals the district court's denial of her motion to reconsider.

Before addressing Ms. Chappell's appeal on the merits, we must consider, as a threshold matter, whether we have jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Appellate jurisdiction in this case requires that the district court order from which Ms. Chappell appeals must amount to a sanction sufficiently injurious to Ms. Chappell to give her standing to appeal. *United States v. Gonzales*, No. 01-2186, 2003 WL 21036431, at *2 (10th Cir. Apr. 29, 2003), *petition for reh'g and reh'g en banc filed* (July 21, 2003). Put another way, if the district court's letter to the Oklahoma Bar Association does not rise to the level of a sanction order, then Ms. Chappell has "nothing from which to appeal," and we lack jurisdiction. *Id.*

In her motion urging the district court to reconsider and in her appellate brief, Ms. Chappell characterizes the district court's letter to the Oklahoma Bar Association as a sanction under Fed. R. Civ. P. 11(c)(1)(B). However, the district court, in its denial of Ms. Chappell's motion to reconsider, stated that its letter was not a Rule 11 sanction: "Attorney Chappell's motion to reconsider demonstrates a complete misunderstanding of this court's rulings at the November 4, 2002 hearing. The court did not impose Fed. R. Civ. P. 11(c)(1)(B) sanctions against Chappell . . . . The court's decision to refer Chappell's conduct to the Oklahoma bar association was not a Rule 11 sanction . . . ."

We agree with the district court. The district court's reference of this matter to the disciplinary committee of the bar was not tantamount to a finding of misconduct, let alone imposition of a sanction. Any participant in the litigation, or member of the general public, has the right to bring allegations of lawyer misconduct to the attention of the bar. *See* Rules Governing Disciplinary Proceedings R. 5.1(a), *reprinted in* Okla. Stat. tit. 5, ch. 1, app. 1-A at 136 (West 2001) (General Counsel may initiate a disciplinary investigation based on allegations from any source). Presumably, Ms. Chappell will receive all the due process to which she is entitled, before there is either a finding of misconduct or the imposition of sanctions. Because the referral letter reflects only the judge's suspicion that violations may have occurred, it is analogous not to a censure or reprimand but to an order to show cause why sanctions should not be imposed. Such orders are not appealable. *Mancuso v. Indiana Harbor Belt R.R.*, 568 F.2d 553, 554 (7th Cir. 1978). Although an order to show cause may imply judicial disapproval that may harm the attorney's reputation, no actual sanction has been imposed.

The same is true here. The judge's referral letter makes no specific finding of misconduct, nor does it express any opinion of Ms. Chappell's actions.[1] The

_____

[1]Ms. Chappell has appealed only the decision to refer the incident to the disciplinary committee of the bar, and not any other comments or statements that
(continued...)

letter simply states that the judge is enclosing the transcript, that Ms. Chappell is licensed in Oklahoma, and that therefore the judge is "submitting the matter for [the board's] consideration and appropriate action." To be sure, a referral to a disciplinary board, even unaccompanied by specific findings, may imply some level of judicial disapproval of the attorney's conduct and may affect the attorney's reputation. However, the judgment implicit in such a letter is below the level of a censure or specific finding of misconduct. Rather, the letter amounts to a suggestion that a violation of rules of conduct *may* have occurred, leaving further consideration, investigation, and judgment to the disciplinary board. Because the district judge's referral to the Oklahoma Bar Association is neither an implicit nor an explicit finding of misconduct, it is not an appealable sanction.

In *Gonzales*, the district court made a finding of attorney misconduct in the context of a suppression motion in a criminal case. A panel of this Court held unappealable a subsequent written order of the district court, entered after conviction and sentencing, restating that finding but imposing no other formal sanction. 2003 WL 21036431 at *3. It follows *a fortiori* that the mere referral of

[1](...continued)
might have been made in the course of the proceeding. Although the transcript of the proceeding was attached to the referral letter, Ms. Chappell did not make the transcript part of the record in this appeal, and we need not address it. *See* 10th Cir. R. 10.3(B).

a matter to the disciplinary committee, without any finding of misconduct, is not appealable.

We recognize that the Advisory Committee Notes to the 1993 amendments to Rule 11 provide that "referring the matter to disciplinary authorities" is one among a "variety of possible sanctions" that may be imposed. But it does not follow that all such referrals are automatically "sanctions." The Advisory Committee Notes also list "issuing an admonition, reprimand, or censure" among possible sanctions, yet some courts have held that a judicial reprimand, unaccompanied by monetary penalties, is not an appealable sanction. *See Bolte v. Home Ins. Co.*, 744 F.2d 572, 572-73 (7th Cir. 1984); *In re Williams*, 156 F.3d 86, 91-92 (1st Cir. 1998). The circuit courts have taken a range of positions on when a court's finding of attorney misconduct unaccompanied by imposition of monetary penalties is an appealable sanction. *See, e.g.*, *Bolte*, 744 F.2d at 572-73 (an order specifically finding attorney misconduct, but imposing no monetary liability, is not appealable); *Williams*, 156 F.3d at 91-92 (judicial comments finding attorney misconduct but not expressly identified as a sanction are not appealable); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (a finding of attorney misconduct is appealable only if expressly identified as a formal reprimand); *United States v. Talao*, 222 F.3d 1133, 1138 (9th Cir. 2000) (a formal finding of violation of a specific rule of conduct is an appealable sanction);

*Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1352 (Fed Cir. 2003) (formal, explicit reprimand, finding violation of Rule 11, is appealable); *Walker v. City of Mesquite*, 129 F.3d 831, 832-33 (5th Cir. 1997) (a written finding of attorney misconduct imposing no monetary or other sanction is appealable). Our recent decision in *Gonzales* expressly avoided taking a position on this question. 2003 WL 21036431 at *3. However, even the broadest understanding of what constitutes an appealable sanction requires a finding of misconduct. *Walker*, 129 F.3d at 832-33. There was no such finding here.

The appeal is DISMISSED.