[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13057

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 11, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00080-CV-WDO-5

RUSSELL E. ADKINS, MD,

Plaintiff,

versus

ARTHUR P. CHRISTIE, Individually,
and in his Official Capacity as
the Administrator of Houston Medical
Center,
ANTHONY L. ALFORD, Individually as
in his Official Capacity as Executive
Director for Medical Affairs of Houston
Medical Center,
DANIEL A. DEIGHTON, Individually and
in his Official Capacity as Chief of
Staff and in his Official Capacity as a
Member of the Medical Executive Committee
at Houston Medical Center,
FREDERICK W. JENNART, Individually and
in his Official Capacity as a Member of
the Medical Executive Committe at Houston
Medical Center,
DAVID N. HARVEY, MD, Individually, and in his
Official Capacity as a Member of the Medical
Executive Committee at Houston Medical
Center, et al.,

Defendants-Appellees,

GEORGE W. MCGRIFF,
ERIC E. WYATT,

Movants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

**(April 11, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

George McGriff III and Eric Wyatt, attorneys for Russell Adkins in his civil rights action against the Houston Medical Center and certain of its physicians (collectively "HMC"), appeal the imposition of sanctions against them. The district court referred the lawyers to the Attorney Discipline Grievance Committee and imposed sanctions in the form of attorneys fees for their alleged bad-faith conduct in representing parties with conflicting interests. McGriff and Wyatt contend that they were unaware of the conflict, and that sanctions and disciplinary measures are thus inappropriate. They further allege that they were denied due process because they lacked sufficient notice of the possible penalties against them

and because they were denied the opportunity to call and cross-examine witnesses in order to challenge HMC's assertion that they acted in bad faith.

First, we note that the district court's decision to refer McGriff and Wyatt to the disciplinary committee is beyond the scope of our review. A referral cannot be characterized as a sanction or a disciplinary measure. Through a referral, a district court simply indicates that in its view, conduct of the attorneys merits further examination by the disciplinary committee, which may or may not result in a sanction. As such, a referral is not a reviewable measure. *U.S. v. McCorkle,* 321 F.3d 1292, 1298-99 (11th Cir. 2003) (agreeing that a decision to refer attorneys to the state disciplinary committee was not an appealable judgment of contempt).

Second, we note that when an attorney acts in bad faith, a federal court possesses the inherent power to impose sanctions. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991). However, the court must afford the sanctioned party due process, "both in determining that the requisite bad faith exists and in assessing fees." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). Due process mandates that an attorney be given fair notice that his conduct may warrant sanctions and the reasons why. *Donaldson v. Clark*, 819 F.2d 1551, 1559-60 (11th Cir. 1987). In addition, the attorney must be given a chance to respond to the allegations and justify his or her actions. *In re Mroz*, 65

3

F.3d at 1575-76. We find that the requirements of due process were not satisfied in this case. Specifically, we find that notice of a hearing on their Motion to Withdraw was insufficient to provide McGriff and Wyatt with notice of the possibility of sanctions. Further, we find that they were denied the opportunity to present their case because they were unable to cross-examine S.K. Accordingly, we vacate the decision below and remand for further consideration by the district court.

**VACATED AND REMANDED.**