# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50910

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2015

Lyle W. Cayce
Clerk

JOSEPH ZENTE,

Plaintiff - Appellant

v.

CREDIT MANAGEMENT, L.P.,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before WIENER, SOUTHWICK, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Albeit in the name of Plaintiff-Appellant Joseph Zente, his attorney, Sergei Lemberg, appeals the district court's referral of his conduct to the disciplinary committee of the Western District of Texas. We conclude that neither Zente nor Lemberg has standing to appeal that referral, which was not accompanied by any finding of misconduct, and dismiss the appeal.

## I.  Factual and Procedural Background

This case arises from Defendant-Appellee Credit Management, L.P.'s debt-collection phone calls to Zente. Lemberg filed this action for Zente in the Western District of Texas for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act, 47 U.S.C.

No. 14-50910

§ 227, and the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq.* Zente alleged that Credit Management harassed him with automated telephone calls to which he did not consent, and continued to call him after he requested that the calls cease. On July 1, 2014, after information and audio recordings were produced in discovery, Zente filed a motion for dismissal with prejudice. On July 14, Credit Management responded to the motion to dismiss by requesting sanctions against Lemberg under Federal Rule of Civil Procedure 11, asserting that Lemberg knew the allegations in the complaint were false and that the case was frivolous.

Three days later, before Lemberg responded to the request for sanctions, the district court granted Zente's motion to dismiss with prejudice. The district court denied the request for Rule 11 sanctions, holding that sanctions were unavailable because Lemberg filed the motion to dismiss first, and thus obviously within twenty-one days of knowing that Credit Management was seeking Rule 11 sanctions. *See* Fed. R. Civ. P. 11(c)(2).

However, in the same order, the district court stated that: "In addition, the undersigned will forward a copy of this file to the Admissions Committee of the Western District of Texas for a review and appropriate action, if any, regarding Mr. Lemberg's license to practice in the Western District of Texas." On July 16, the district court sent a referral letter to the Admissions Committee of the Western District of Texas outlining Credit Management's allegations regarding Lemberg's conduct, enclosing a copy of the order granting the motion to dismiss, and requesting "that the Admissions Committee make an appropriate investigation in this case to determine what action, if any, should be taken against Mr. Lemberg, as he is a licensed member of the Western District of Texas."

Lemberg filed a motion for reconsideration, contesting Credit Management's assertions regarding whether and when he received

2

No. 14-50910

information establishing that the case should be dismissed.  The district court denied the motion for reconsideration, explaining that its referral was intended to allow the Admissions Committee to conduct an "objective review" of the parties' contentions.  This appeal followed.

## II. Discussion

Lemberg filed a notice of appeal nominally on behalf of Zente, although it is clear that Plaintiff Zente does not and could not seek to appeal from the dismissal that he requested.  In fact, Lemberg appeals, on his own behalf, the portion of the district court's order that refers Lemberg's conduct to the Admissions Committee of the Western District of Texas, and its denial of reconsideration of that action.  Lemberg asserts that the referral was a sanction, and that the district court failed to afford him the due process protections to which he is entitled before imposing the sanction.  *See Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996) (requiring "notice and an opportunity to be heard" before sanctions can be imposed on an attorney).

The threshold question is whether Lemberg has standing to appeal the orders.  In the order of dismissal, the district court *denied* Credit Management's request for sanctions against Lemberg.  "It is a central tenet of appellate jurisdiction that a party who is not aggrieved by a judgment of the district court has no standing to appeal it." *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004) (citing *Matter of Sims*, 994 F.2d 210, 214 (5th Cir. 1993)).  "Thus, a prevailing party generally may not appeal a judgment in its favor." *Id.*  In order for this court to have appellate jurisdiction, the district court's referral to the Admissions Committee "must amount to a sanction sufficiently injurious" to Lemberg to confer standing to appeal. *Teaford v. Ford Motor Co.*, 338 F.3d 1179, 1181 (10th Cir. 2003); *see also Adams v. Ford Motor*

3

No. 14-50910

*Co.*, 653 F.3d 299, 304-05 (3d Cir. 2011); *Keach v. Cnty. of Schenectady*, 593 F.3d 218, 223-24 (2d Cir. 2010).

"Most courts agree that mere judicial criticism of an attorney's conduct is insufficient to constitute a sanction which would support standing." *Adams*, 653 F.3d at 304 (collecting cases). On the other hand, most circuits, including ours, have allowed appeal where the district court made a finding that a lawyer engaged in misconduct, even if the court did not impose tangible sanctions. *See Walker v. City of Mesquite, Tex.*, 129 F.3d 831, 832-33 (5th Cir. 1997); *United States v. Llanez-Garcia*, 735 F.3d 483, 491 (6th Cir. 2013); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 543-44 (3d Cir. 2007); *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1169 (10th Cir. 2003); *United States v. Talao*, 222 F.3d 1133, 1138 (9th Cir. 2000); *but see Clark Equip. Co. v. Lift Parts Mfg. Co.*, 972 F.2d 817, 820 (7th Cir. 1992) ("[A]n attorney may not appeal from an order that finds misconduct but does not result in monetary liability, despite the potential reputational effects."). Cases from other circuits that have specifically addressed standing to appeal referrals of attorney conduct to bar disciplinary committees reveal that the dispositive inquiry is whether or not the referral was accompanied by a specific finding of misconduct. *Compare Teaford*, 338 F.3d at 1182 (holding that a referral without a finding of misconduct is not appealable), *with Adams*, 653 F.3d at 304-06 (holding that a referral accompanied by a finding of misconduct is appealable), *and In re Goldstein*, 430 F.3d 106, 111-12 (2d Cir. 2005) (same).

The Tenth Circuit has expressly held that "the mere referral of a matter to the disciplinary committee, without any finding of misconduct, is not appealable." *Teaford*, 338 F.3d at 1182. In *Teaford*, the district court sent a letter to bar disciplinary authorities in two states where an attorney was admitted, enclosed a transcript of a proceeding in its court, and submitted the attorney's conduct for the consideration of the disciplinary authorities. *Id.* at

1180. The Tenth Circuit found that the referral was not "tantamount to a finding of misconduct," noting that "[a]ny participant in the litigation, or member of the general public, has the right to bring allegations of lawyer misconduct to the attention of the bar." *Id*. at 1181. The court acknowledged that a referral from the district court "may imply some level of judicial disapproval of the attorney's conduct and may affect the attorney's reputation." *Id*. at 1182. However, the court concluded, "the judgment implicit in such a letter is below the level of a censure or specific finding of misconduct." *Id*. Instead, a referral letter "amounts to a suggestion that a violation of rules of conduct *may* have occurred, leaving further consideration, investigation, and judgment to the disciplinary board." *Id*. Because the judge's referral was "neither an implicit nor an explicit finding of misconduct," the court found that it was not an appealable sanction. *Id*.

The Eleventh Circuit has agreed that a referral is not a reviewable sanction. *Adkins v. Christie*, 227 F. App'x 804, 806 (11th Cir. 2007) (unpublished). In *Adkins*, the district court referred two lawyers to a disciplinary committee "for their alleged bad-faith conduct in representing parties with conflicting interests," in addition to imposing a sanction on the attorneys in the form of attorney's fees. *Id*. at 805. The court explained that "[a] referral cannot be characterized as a sanction or a disciplinary measure. Through a referral, a district court simply indicates that in its view, conduct of the attorneys merits further examination by the disciplinary committee, which may or may not result in a sanction." *Id*. at 806. Thus, even though it reversed the attorney's fees sanction because the attorneys were not afforded due process, it concluded that "the district court's decision to refer [the attorneys] to the disciplinary committee is beyond the scope of our review." *Id*.

By contrast, the Second and Third Circuits have held that a district court's referral of an attorney's conduct to a disciplinary committee, which

No. 14-50910

included specific findings of attorney misconduct, constitutes an appealable sanction. *See Adams*, 653 F.3d at 305-06; *Goldstein*, 430 F.3d at 111-12. In *Adams*, a magistrate judge received a complaint from a juror about an attorney contacting her, held a hearing regarding the attorney's conduct, including requiring the attorney to explain his conduct, and reviewed post-hearing memoranda from the parties regarding the issue. *Adams*, 653 F.3d at 303. Subsequently, "the judge made a factual finding that [the attorney] had violated ABA Model Rule 3.5(c) and the judge then referred the matter to the Virgin Islands Bar Association for a formal investigation and disciplinary proceedings." *Id.* at 305. In those circumstances, the Third Circuit found that the order was "more than mere judicial criticism" and held that the specific finding of attorney misconduct was a sanction that conferred standing to appeal. *Id.* at 305-06. Although the *Adams* court made note of the district court's referral of the attorney's conduct to a bar authority and the discipline that could potentially be imposed as a result, the court primarily relied on the express finding of misconduct in concluding that there was an appealable sanction. *See id.*

Similarly, the Second Circuit has held that a district court's referral of an attorney's conduct to a disciplinary committee, which included specific findings of attorney misconduct, constituted an appealable sanction. *Goldstein,* 430 F.3d at 111-12. In *Goldstein*, the district court order adopted a magistrate judge's report and recommendation which concluded that the attorney violated "various disciplinary rules," stated that the attorney "was unprepared to conduct himself as an officer of the court" and referred the attorney's conduct "to the appropriate disciplinary committees." *Id.* at 109-10, 112. The *Goldstein* court specifically distinguished *Teaford*, noting that in *Teaford* there was no standing to appeal because the district court "simply referred the attorney in question without making any specific findings of

misconduct or expressing any opinion of the attorney's actions," whereas the district court in *Goldstein* "explicitly concluded that Goldstein was in violation of various disciplinary rules." *Id.* at 111-12 (citing *Teaford*, 338 F.3d at 1181). The court found that the "specific findings of fact showed that the district court's referral was 'much more than implied criticism,' and was, in fact, a sanction, which is reviewable." *Keach*, 593 F.3d at 224 (describing and quoting *Goldstein*, 430 F.3d at 112). The Second Circuit has expressly limited *Goldstein*, specifying that an attorney may appeal "where the district court imposes a tangible sanction or makes an express finding that a lawyer has committed specific acts of professional misconduct, but not where the court has engaged in . . . routine judicial commentary or criticism." *Id.* at 226.

In accordance with the cases from our sister circuits, we conclude that a referral of attorney conduct to a disciplinary committee, absent a specific finding of misconduct, is not a sanction that confers standing to appeal. *See Teaford*, 338 F.3d at 1182; *cf. Adams*, 653 F.3d at 304-06 (holding that a referral accompanied by a finding of misconduct is appealable); *Goldstein*, 430 F.3d at 111-12 (same). Thus, Lemberg has standing to appeal in the instant case only if the district court's referral to the Admissions Committee was accompanied by a specific finding of misconduct.

In the circumstances of this case, we conclude that the court made no finding of misconduct. The district court made no findings like those that courts have found conferred standing to appeal. It made no factual findings or legal conclusions regarding the alleged misconduct, and made no implied or explicit finding that Lemberg violated any ethical rule or canon. *See Walker*, 129 F.3d at 832-33 (attorney "was reprimanded sternly and found guilty of blatant misconduct"); *Llanez-Garcia*, 735 F.3d at 491 (court order outlined multiple attorney "actions that the *Court* finds sanctionable" including "misusing the subpoena process, 'unreasonably and vexatiously' multiplying

the proceedings, and engaging in 'inexcusable' conduct that demonstrates a 'flagrant disregard for the power of the subpoena'"); *Adams*, 653 F.3d at 305 ("the judge made a factual finding that [the attorney] had violated ABA Model Rule 3.5(c)"); *Bowers*, 475 F.3d at 543-44 (court "made findings that these attorneys wilfully failed to disclose information to Defendants in bad faith"); *Goldstein*, 430 F.3d at 112 (order "explicitly concluded that [the attorney] was in violation of various disciplinary rules"); *Butler*, 348 F.3d at 1166 (order reprimanded attorney "for continued ethical violations"); *Talao*, 222 F.3d at 1138 (court "made a finding and reached a legal conclusion that [an attorney] knowingly and wilfully violated a specific rule of ethical conduct").

There is only one statement in the district court's order that could even arguably be construed as a finding of misconduct. In its order granting the motion to dismiss and denying sanctions, the district court stated:

> The defendant in its response clearly establishes information which was sent to Mr. Lemberg that, if read or otherwise reviewed, clearly establishes no lawsuit should be filed as the one filed in this Court against Credit Management, LP.

We conclude that this imprecise statement cannot be construed as a finding of misconduct. This is not a specific or conclusive factual finding or legal conclusion regarding Credit Management's allegations about Lemberg's conduct. The district court specifies neither what information it is referring to nor whether and when Lemberg actually received, reviewed or read that information. It does not conclude that Lemberg received this information prior to filing suit; indeed Credit Management has not even alleged that Lemberg received such information prior to filing suit. In addition, the referral letter the district court sent to the Admissions Committee repeatedly describes only the "contentions" of Credit Management regarding Lemberg's conduct; it neither implies nor states that the court reviewed these contentions or found them to be accurate.

No. 14-50910

Further, in his motion for reconsideration, Lemberg contested Credit Management's assertions regarding what information was provided to him and when, including alleging that he did not finally receive the information establishing that the suit should be dismissed until April 2014, only three weeks prior to Lemberg first informing Credit Management that Zente intended to dismiss the suit. In its order denying reconsideration, the district court acknowledged the factual disputes raised by the parties' differing contentions and expressly declined to resolve them. The district court explained that:

> The referral by the undersigned to the Admissions Committee of the Western District of Texas is simply not a referral to a "star chamber" or committee. The committee presumably will investigate the circumstances and obtain the same information now supplied in the motion for reconsideration, which is, of course, contested by opposing counsel. An objective review and recommendation of the Admissions Committee is necessary to maintain the integrity of counsel and this Court. The undersigned has confidence any investigation or inquiry by the Admissions Committee will be fair and objective with the goal that issues alleged in the pleadings in this case will not reappear in this division or this district.

Reading the appealed orders together, it is clear that the district court made no finding of misconduct. Quite the opposite: the district court declined to resolve the disputes regarding the attorneys' conflicting allegations, and referred the matter to the Admissions Committee for an objective review and recommendation. At most, the referral "amounts to a suggestion that a violation of rules of conduct *may* have occurred, leaving further consideration, investigation, and judgment to the disciplinary board." *Teaford,* 338 F.3d at 1182. Thus, Lemberg has no standing to appeal the orders.

On appeal, the parties continue to spend significant time criticizing each other's conduct in the district court, including contesting various

9

representations made to the court, and when Lemberg knew or should have known that the suit should be dismissed. As we have said, the district court made no findings regarding these disputes. Nor do we. Nothing we have said should be construed as a finding or opinion regarding the propriety of any attorney's conduct in the district court.

## III. Conclusion

For the foregoing reasons, we conclude that the district court's referral of Lemberg's conduct to the disciplinary committee does not constitute a sanction. Accordingly, we dismiss this appeal for lack of standing. DISMISSED.