United States Court of Appeals,

Fifth Circuit.

No. 97-10030.

Debra WALKER, et al., Plaintiffs,

Debra Walker; Jeanette Washington; Hazel Williams; Zelma Lang; Renita Brown, Lillie Thompson; Tracey Smith; Plaintiffs-Appellees,

Thomas H. Peebles, Appellant,

v.

MESQUITE TX., CITY OF, et al., Defendants.

HIGHLANDS OF McKAMY IV and V Community Improvement Association, et al., Plaintiffs,

v.

The HOUSING AUTHORITY OF THE CITY OF DALLAS, Defendant.

Dec. 10, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, and BENAVIDES and PARKER, Circuit Judges.

POLITZ, Chief Judge:

Thomas Peebles, an attorney with the Department of Justice, appeals an order of the district court sanctioning him for improper litigation tactics. Concluding that we have appellate jurisdiction and finding insufficient evidence to warrant the sanctions imposed, we reverse.

*Background*

The underlying litigation is a suit against local and federal authorities for violation of federal fair housing laws. Thomas Peebles was principal trial counsel for the Department of Housing

1

and Urban Development. As a result of litigation tactics employed by Peebles the plaintiffs filed an unsworn document entitled "Suggestion of Improper Conduct." In a memorandum opinion issued on June 2, 1994 the trial court found the DOJ attorneys guilty of "blatant misconduct." The DOJ filed a response on behalf of the sanctioned attorneys. There was no further action until October of 1996 when the court deleted the findings of misconduct against all attorneys except Peebles, restating its conclusion that Peebles violated his obligation of candor. The court specifically declared that no further action would be taken as relates to the sanction. A formal order was filed on December 12, 1996 and Peebles timely appealed.

*Analysis*

At the threshold we must determine whether we have appellate jurisdiction. If we do, we must then determine whether the trial court abused its discretion in sanctioning Peebles herein for a lack of candor.

As a general rule an attorney must await the end of litigation in the district court to appeal a sanction. In *Markwell v. County of Bexar,*[1] however, we recognized an exception to this rule in those situations in which the sanctioned attorney is no longer involved in the case and an appeal of the sanctions order would not impede the underlying litigation. The record reflects that Peebles no longer is counsel in this action; he is now assigned to a different division in the Justice Department.

_____

[1]878 F.2d 899 (5th Cir.1989).

Consequently, Peebles need not defer until the end of this litigation to appeal the district court's finding that he abused his duty of candor.

Appellees contend that there is no Article III case or controversy, and thus no jurisdiction, because the only possible damage is to Peebles' reputation and that a diminished reputation is not a cognizable injury under the fourteenth amendment. Because the district court imposed no fine, service, or other punishment on Peebles, it is appellees' contention that Peebles has not been injured. In support of this proposition they cite an opinion from a sister circuit stating: "[W]e have already decided that an attorney may not appeal from an order that finds misconduct but does not result in monetary liability, despite the potential reputational effects."[2]

Stripped to essentials this proposition would maintain that an attorney has more of a reason and interest in appealing the imposition of a $100 fine than appealing a finding and declaration by a court that counsel is an unprofessional lawyer prone to engage in blatant misconduct. We reject this proposition out of hand, being persuaded beyond peradventure that one's professional reputation is a lawyer's most important and valuable asset.[3] We

---

[2]*Clark Equipment Co. v. Lift Parts Manufacturing Co., Inc.,* 972 F.2d 817, 820 (7th Cir.1992).

[3]See *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 412, 110 S.Ct. 2447, 2464, 110 L.Ed.2d 359 (1990), where Justice Stevens, concurring in part and dissenting in part, wrote: "Despite the changes that have taken place at the bar since I left the active practice 20 years ago, I still believe that most lawyers are wise enough to know that their most precious asset is their professional

have heretofore held that monetary penalties or losses are not an essential for an appeal.[4]

In the case at bar Peebles was reprimanded sternly and found guilty of blatant misconduct. That reprimand must be seen as a blot on Peebles' professional record with a potential to limit his advancement in governmental service and impair his entering into otherwise inviting private practice. We therefore conclude and hold that the importance of an attorney's professional reputation, and the imperative to defend it when necessary, obviates the need for a finding of monetary liability or other punishment as a requisite for the appeal of a court order finding professional misconduct.[5] This appeal presents a reviewable appellate issue.

---

reputation."

[4]See, for example, *United States v. Schrimsher,* 493 F.2d 842 (5th Cir.1974). In *Schrimsher,* an attorney appealed a contempt conviction entailing a sentence to jail for two hours. No monetary penalties were assessed and at the time of appeal the two hour sentence had been served. In finding that the appeal should go forward we said, "The conviction might damage [the attorney's] reputation in the legal community, and this in turn might affect his ability to attract clients and to represent them effectively...." *Id.* at 844.

[5]In addition, we have a strong interest in hearing cases such as this because of our duty to assure that lawyers, as officers of the court, live up to their ethical responsibilities. In the Rules Enabling Act, Congress recognized the authority of the Judicial Branch to control attorney discipline by giving the Supreme Court the authority to prescribe the general rules of practice and procedure in the federal court system. While this grant of authority cannot be used to expand Article III power, it recognizes the need for judicial power in the sanctions area. 28 U.S.C. § 2072 (1992). See also, David Scharf, *The Settled Sanction: Post Settlement Appeal and Vacatur of Attorney Sanctions Payable to an Opponent,* 61 U.Chi.L.Rev. 1627 (1994). When judicial power imposing sanctions is exercised at the district level, review of that exercise of power appropriately vests at the appellate level.

4

Our close review of the record in this somewhat troublesome action persuades that although Peebles' tactics pushed the litigation envelope to its outer limits, we are not prepared to say that his litigation tactics descended to the level of professional misconduct. The order of the district court holding to the contrary is therefore REVERSED.