[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2002
THOMAS K. KAHN
CLERK

_____

No. 97-2618

_____

D. C. Docket No. 95-00089-CR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIGMA INTERNATIONAL, INC.,
d.b.a. Sigma U.S.A., Inc.,
CHARLES STERNISHA, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

Before ANDERSON, Chief Judge, TJOFLAT, EDMONDSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

The appellants have filed a motion to dismiss this appeal as moot, which the government opposes. The motion is based upon events that occurred after this Court issued its second opinion in this case, United States v. Sigma Int'l, Inc., 244 F.3d 841 (11th Cir. 2001) (Sigma II), but before this Court granted rehearing en banc, __ F.3d ___, No. 97-2618 (11th Cir. April 8, 2002), an action which vacated the Sigma II opinion.

Shortly after the Sigma II opinion was issued the parties entered into a plea agreement which, if accepted by the district court, would have resolved the differences between them. The district court indicated to the parties that it had no problem with the plea agreement but had concerns about whether it had jurisdiction to accept that agreement before the mandate had been issued in this appeal. The parties did not bother to inform this Court of any of these events, and we proceeded to grant rehearing en banc in the case. Days before the appellants' brief to the en banc court was due, appellants filed a motion to dismiss this appeal as moot based upon the plea agreement.

The appellants' motion to dismiss this appeal as moot is due to be denied. The first opinion this Court issued, United States v. Sigma Int'l, Inc., 196 F.3d 1314 (11th Cir. 1999)(Sigma I), was vacated by the panel, 251 F.3d 1358 (11th Cir. 2001). The second opinion this Court issued, Sigma II, was vacated by our

2

decision ordering the appeal reheard en banc, ___ F.3d ___, No. 97-2618 (11th Cir. April 8, 2002). The result is that there is now no opinion of this Court in this case, and the judgment of conviction and sentence from which the appeal was taken still stands. Therefore, the appeal is not moot.

However, we do not see the point in spending any more appellate resources on a case in which the parties have reached agreement about how to resolve their differences to their satisfaction and to the satisfaction of the district court. Accordingly, we will remand this case to the district court for the limited purpose of allowing it to accept the plea agreement, thereby resolving any concerns the district court has about its power to do so. (We do not mean to hold or imply any view on whether the district court did have jurisdiction; we simply acknowledge the need to remove any doubt the district court had about the matter.) We also retain jurisdiction over the case. If the district court accepts the plea agreement and enters a judgment in accordance with it, we will favorably entertain a motion to vacate the judgment of conviction and sentence entered in May of 1997, the one now on appeal.

MOTION TO DISMISS AS MOOT DENIED; CASE REMANDED TO THE DISTRICT COURT FOR LIMITED PURPOSE; JURISDICTION RETAINED.

3