[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2002
THOMAS K. KAHN
CLERK

_____

No. 97-2618

_____

D. C. Docket No. 95-00089-CR-T-24C

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIGMA INTERNATIONAL, INC.,
d.b.a. Sigma U.S.A., Inc.,
CHARLES STERNISHA, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 6, 2002)**

Before EDMONDSON, Chief Judge, TJOFLAT, ANDERSON, BIRCH, DUBINA,
BLACK, CARNES, BARKETT, HULL and MARCUS, Circuit Judges.*

_____

*Judge Wilson recused himself and did not participate in this decision.

PER CURIAM:

After granting en banc rehearing in this case, <u>United States v. Sigma Int'l, Inc.</u>, 287 F.3d 1325 (11th Cir. 2002), we were informed the parties had negotiated a settlement of the case, and we relinquished jurisdiction to the district court for the limited purpose of allowing it to accept the plea agreement and enter a judgment in accordance with the agreement. 291 F.3d 765 (11th Cir. 2002). In doing so, we said that if the district court accepted the plea agreement, we would favorably entertain a motion to vacate the 1997 judgments of conviction and sentences in the case. <u>Id.</u> at 767. The district court did accept the plea agreement and the corporate defendant's guilty plea to new charges in the case, which was part of the agreement. We now have before us the appellants' motion to vacate the 1997 judgments of conviction and sentence of each of the defendants in this appeal. Consistent with what we indicated in our earlier order, we grant that motion.

We also have before us a motion by attorney Michael Rubinstein for a name-clearing hearing, a motion which he filed as a result of unfavorable statements made about him in <u>United States v. Sigma Int'l Inc.</u>, 196 F.3d 1314 (11th Cir. 1999)(<u>Sigma I</u>), <u>vacated</u>, 251 F.3d 1358 (11th Cir. 2001), and <u>United States v. Sigma Int'l Inc.</u>, 244 F.3d 841 (11th Cir. 2001)(<u>Sigma II</u>), <u>vacated</u>, 287 F.3d 1325 (11th Cir. 2002) .

Rubinstein, an Assistant United States Attorney, is not a party, nor is he an attorney who represents a party in this appeal. He did present the government's case to the grand jury and prosecute the case at trial. His chief contention is that the harsh criticism of his conduct in the Sigma I and Sigma II panel opinions amounts to a disciplinary sanction in the nature of a public reprimand, which was imposed without his having notice or an opportunity to respond to the allegations against him and to be heard about them. He argues that due process dictates that he have a name-clearing hearing and asks that we direct the district court to hold one.

Rubinstein points out that in the course of criticizing his conduct the Sigma I opinion actually asserted its authority to "reprimand a prosecutor through a published opinion to deter misconduct before a grand jury," 196 F.3d at 1322 n.8, thereby indicating that he was being formally reprimanded. The decisions that Rubinstein relies on to support his position are mostly from cases in which attorneys were saddled with formal sanctions ranging from disqualification, see Kirkland v. Nat'l Mortgage Network, Inc., 884 F.2d 1367, 1370 (11th Cir. 1989) (concluding an attorney may appeal a district court's order of disqualification for misconduct, even after the underlying litigation has been dismissed); Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1200 n.14 (11th Cir. 1985) (same); to formal reprimand, Walker v. City of Mesquite, 129 F.3d 831, 832 (5th Cir. 1997)

(concluding attorney can appeal formally entered sanctions entered against him); Dawson v. United States, 68 F.3d 886, 894-95, 898 (5th Cir. 1995) (reviewing and reversing an order expressly imposing a reprimand and requiring the attorney to attend an ethics course).  There are also some decisions involving critical statements in the nature of a reprimand even though no formal action was taken. See Penthouse Int'l Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 385-86, 392 (2d Cir. 1981) (allowing an attorney to intervene on appeal to contest the district court's finding of misconduct which was part of its reasoning in dismissing a complaint for discovery abuses); Sullivan v. Comm. on Admissions & Grievances, 395 F.2d 954, 956 (D.C. Cir. 1967) (concluding an attorney has standing to appeal a district court's decision in a disciplinary proceeding that he had engaged in professional misconduct even though the court did not impose a formal sanction). None of those decisions, however, involved sanctions or findings in orders or opinions that had already been set aside or vacated on other grounds.

Both the Sigma I and Sigma II opinions have been fully vacated.  The panel itself vacated its first opinion, 251 F.3d 1358, and our order granting rehearing en banc vacated the second opinion.  287 F.3d 1325.  Both opinions remain vacated, and are officially  gone.  They have no legal effect whatever.  They are void.  None of the statements made in either of them has any remaining force and cannot be

4

considered to express the view of this Court. Thus, we need not decide whether Rubinstein would have been entitled to any of the relief he seeks if either of those opinions had remained in effect.

Rubinstein acknowledges that any reprimand in the panel opinions that criticized him has been vacated. He also concedes that loss of personal reputation alone does not implicate procedural due process, see Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155 (1976), but he argues that he is still entitled to a name-clearing hearing on the stigma-plus theory. The "plus" here, he contends, is that he has suffered a loss of a property interest in what he characterizes as "business reputation/good will," or his professional reputation. He does not allege, however, that he has suffered any loss of employment, any diminution of salary, or anything else that would in our view qualify as "some more tangible interest[]," as required by Paul, 424 U.S. at 701, 96 S. Ct. at 1161. Accordingly, we will deny Rubinstein's motion for a name-clearing hearing.[1]

The appellants' motion to vacate the 1997 judgments in this case is GRANTED, and the case is REMANDED with instructions for the district court to

---

[1]Because of our conclusion that Rubinstein is not entitled to a name-clearing hearing in any event, we also find it unnecessary to grapple with the procedural issues arising from the fact that he is not a party in this appeal. Nor need we address whether, if there had been stigma-plus, a name-clearing hearing appropriately could have been ordered in the peculiar posture of this case.

do so.   Attorney Rubinstein's motion for a name-clearing hearing is DENIED.