[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12712
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-00059-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN RIVERA, JR., et al.,

Defendants,

MARTA ALFONSO,

Receiver-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 2, 2010)

Before DUBINA, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PRYOR, Circuit Judge:

This appeal presents questions of justiciability: about ripeness and our review of findings of fact made by a district court. Marta Alfonso appeals from an order that removed her as receiver of the forfeited assets of three convicted criminals. The order removed Alfonso for misfeasance and appointed the monitor to act as the new receiver to "recover all fees accrued due to the misfeasance of . . . Alfonso" and the accounting firm where she is an non-equity partner. Alfonso does not seek reinstatement as receiver; instead, she asks us to reverse the order to recover her fees, and the findings of fact that supported her removal. Alfonso contends that the findings of fact damaged her professional reputation. We lack jurisdiction to hear this appeal. The order to recover Alfonso's fees is not ripe for review because the amount of those fees has not yet been determined, and Alfonso's disagreement with the findings of fact that supported her removal does not present a justiciable controversy because we review judgments, not bare disagreements with findings of fact. We **DISMISS** this appeal for lack of jurisdiction.

## I. BACKGROUND

In March 2006, a jury convicted Martin J. Bradley Jr., Martin J. Bradley III, and Bio-Med Plus of multiple violations of the Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. §§ 1961–1968, for operating a fraudulent scheme involving prescription drugs. The parties consented to an order of forfeiture of assets in the amount of $39.5 million. The district court approved the consent order and retained jurisdiction to implement the order.

The district court appointed Marta Alfonso as receiver to liquidate all forfeited assets, as well as an additional amount for fines and restitution, and the district court appointed a monitor "to oversee the activities and conduct of the Receiver." Alfonso successfully marshaled more than $54 million for the receivership by December 31, 2008.

Late in 2008, Alfonso and the monitor began to dispute the amount payable to the accounting firm Rachlin, Cohen & Holtz, LLP, for tax services completed on behalf of the receivership. Alfonso was a non-equity partner at Rachlin and had hired the firm to file tax returns for the receivership. The monitor refused to pay invoices from Rachlin for tax years 2006 and 2007 because the firm had charged fees in excess of the parties' contractually agreed upon price and had filed the returns late, incurring significant interest and penalties to be paid by the receivership. The monitor also filed in the district court a monitoring report in which it accused Alfonso of operating the receivership under a conflict of interest.

Alfonso responded to the monitor's refusal to pay by filing in the district

court an "Emergency Motion for an Order to Pay Rachlin LLP for Tax Services." The district court deferred ruling on the motion and ordered Alfonso to explain why the invoices from Rachlin exceeded the parties' agreed upon price and why the tax returns were not timely filed. Alfonso responded, but the district court found the filing "both untimely and unresponsive."

The district court denied the emergency motion and found that Alfonso "ha[d] operated under a conflict of interest," "not acted in the best interest of the Receivership," and "burdened the receivership not only by enabling an excessive budget overrun and the incurrence of unnecessary expenses, but also by causing additional . . . fees." The district court ordered Alfonso to show cause "why she should not be removed as Receiver, and why the Court should not seek to recover any wasted assets." The district court later held a hearing and found that Alfonso had operated under a conflict of interest and engaged in "misfeasance." The district court removed Alfonso as receiver, substituted the monitor as the new receiver, and directed the new receiver to "recover all fees accrued due to the misfeasance of Rachlin and Marta Alfonso."

## II. STANDARD OF REVIEW

We review de novo the justiciability of an appeal. Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006); Ouachita Watch League v. Jacobs, 463 F.3d

1163, 1169 (11th Cir. 2006).

## III. DISCUSSION

Alfonso appeals the order that removed her as receiver, but does "not seek reinstatement as Receiver." Alfonso instead seeks "to challenge the findings on which her discharge was based, to reverse the financial surcharge ordered by the District Court, and to excise the District Court's scathing reprimand." The United States responds that we lack jurisdiction to decide this appeal.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). That federal courts are courts of limited jurisdiction means that they "possess only that power authorized by [the] Constitution and statute." Id. The foundation for the exercise of our jurisdiction is Article III of the Constitution, which in section 2 provides that the judicial power "shall extend" to certain "Cases" and "Controversies." U.S. Const. Art. III, § 2. These terms "limit the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." Flast v. Cohen, 392 U.S. 83, 95, 88 S. Ct. 1942, 1950 (1968). Article III requires us to determine in every appeal whether an appellant presents a case or controversy or, stated differently, whether the issue presented "matter[s] to the disposition of [the]

5

case." <u>Friends of Everglades v. S. Fla. Water Mgmt. Dist.</u>, 570 F.3d 1210, 1216 (11th Cir. 2009). This limitation is necessary to maintain the separation of powers that is a central feature of the Constitution.

"Justiciability is the term of art employed to give expression to this . . . limitation placed upon federal courts by the case-and-controversy doctrine." <u>Flast</u>, 392 U.S. at 95, 88 S. Ct. at 1950. A claim is justiciable if it is "definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character . . . ." <u>Aetna Life Ins. Co. of Hartford, Conn. v. Haworth</u>, 300 U.S. 227, 240–41, 57 S. Ct. 461, 464 (1937) (citations omitted). "The justiciability doctrines define the judicial role; they determine when it is appropriate for the federal courts to review a matter and when it is necessary to defer to the other branches of government." Erwin Chemerinsky, <u>Federal Jurisdiction</u> § 2.1, at 45 (5th ed. 2007). As former Judge Robert Bork once explained,

> All of the doctrines that cluster about Article III—not only standing but mootness, ripeness, political question, and the like—relate in part, and in different though overlapping ways, to an idea, which is more than an intuition but less than a rigorous and explicit theory, about the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government.

<u>Vander Jagt v. O'Neill</u>, 699 F.2d 1166, 1178–79 (D.C. Cir. 1983) (Bork, J.,

6

concurring).

We divide our discussion of the justiciability of this appeal in two parts. We first explain why Alfonso's challenge of the order about the recovery of her fees is not yet ripe for review. We then explain why the remainder of Alfonso's appeal does not otherwise present a justiciable controversy.

*A. The Order to Recover Fees Is Not Ripe for Review.*

"The ripeness doctrine keeps federal courts from deciding cases prematurely," Beaulieu v. City of Alabaster, 454 F.3d 1219, 1227 (11th Cir. 2006), and "protects [them] from engaging in speculation or wasting their resources through the review of potential or abstract disputes," Digital Props., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300, 118 S. Ct. 1257, 1259 (1998) (internal quotation marks omitted). "In deciding whether a case is ripe, we look primarily at two considerations: the hardship to the parties of withholding court consideration and the fitness of the issues for judicial decision." Ala. Power Co. v. U.S. Dep't of Energy, 307 F.3d 1300, 1310 (11th Cir. 2002) (internal quotation marks omitted).

Alfonso asks us to resolve her dispute prematurely. The amount of fees, if

any, to be recovered from her by the new receiver is yet unknown. The receiver could determine that no fees at all are owed due to the misfeasance of Alfonso. At the least, the district court has not ordered a specific amount to be recovered from Alfonso. It is well-settled that this kind of uncertain sanction is not ripe for our judicial review. See Chairs v. Burgess, 143 F.3d 1432, 1435 n.3 (11th Cir. 1998) (declining to exercise jurisdiction because the "amount of fees to be paid had yet to be determined"); see also Texas, 523 U.S. at 300, 118 S. Ct. at 1260 ("[W]here we have no idea whether or when such [a sanction] will be ordered, the issue is not fit for adjudication." (second alteration in original) (internal quotation marks omitted)). If and when the district court orders Alfonso to pay the new receiver a specific amount, then Alfonso can appeal that order.

*B. We Review Judgments, Not Bare Disagreements with Findings of Fact.*

In Alfonso's own words, the remainder of this appeal "is not for financial gain nor reinstatement, but to clear her name." The government responds that we lack jurisdiction to provide that relief because the complaint that the district court damaged Alfonso's professional reputation does not present a justiciable controversy. We agree with the government.

District courts resolve justiciable controversies by issuing judgments, and the courts of appeals review those judgments. "A bedrock principle upon which

8

our appellate review has relied is that the appeal is not from the opinion of the district court but from its judgment." United States v. $242,484.00, 389 F.3d 1149, 1153 (11th Cir. 2004) (en banc) (internal quotation marks omitted). We "'review[] judgments, not statements in opinions,'" to respect the limits of jurisdiction. Keating v. City of Miami, 598 F.3d 753, 761 (11th Cir. 2010) (quoting California v. Rooney, 483 U.S. 307, 311, 107 S. Ct. 2852, 2854 (1987)); see also Herb v. Pitcairn, 324 U.S. 117, 126, 65 S. Ct. 459, 463 (1945) (describing the power "to correct wrong judgments, not to revise opinions").

Alfonso contends that we have jurisdiction to review the findings of fact made by the district court, even though Alfonso does not appeal her removal as receiver, because those findings amount to an informal sanction. She argues that we have exercised jurisdiction over similar appeals before. We disagree.

We have never held that an appeal of a professional who challenges only a finding of fact that is potentially detrimental to her reputation is justiciable. See United States v. Sigma Int'l, Inc., 300 F.3d 1278, 1280 (11th Cir. 2002) (en banc) (declining to reach this question in an appeal by an attorney because the offending opinions had been vacated). Alfonso argues that our decisions counsel in favor of exercising jurisdiction over this appeal, but, in fact, our decisions counsel just the opposite. Cf. Keating, 598 F.3d at 761 (holding that we lacked jurisdiction to

review a challenge by defendants to an adverse finding of fact that established a violation of the Fourth Amendment because the district court concluded that the defendants were entitled to qualified immunity).

Alfonso cites decisions about findings of attorney misconduct, but those decisions are distinguishable. Kleiner v. First National Bank of Atlanta, 751 F.2d 1193 (11th Cir. 1985), involved a certified class action in which counsel for the First National Bank of Atlanta helped the bank develop a plan to encourage potential class members to opt out of the pending class action. Id. at 1196–98. The bank and counsel directed employees to call the potential class members while the district judge was on vacation and after admonishment from the district court that the state of the law about contact between a defendant and potential class members was unclear. Id. The district court cited counsel for contempt. Id. at 1198. Although the district court would later vacate the contempt citation, it held a hearing and found that counsel had participated in an illegal solicitation scheme and "rendered advice in bad faith." Id. at 1198–99. The district court fined and disqualified counsel from further participation in the class action. Id. at 1199. The bank and counsel appealed the fine and disqualification, but after oral argument, the parties to the underlying class action agreed to a settlement. Id. at 1199–1200. Nonetheless, we held that the controversy was justiciable because the

10

disqualification negatively impacted the bank in its settlement negotiations and constituted a "brand of disqualification" that "was not lifted at the close of the proceedings" because it might "expose counsel to further sanctions by the bar." Id. at 1200 & n.14. We later applied these two justifications from Kleiner in Kirkland v. National Mortgage Network, Inc., 884 F.2d 1367, 1370 (11th Cir. 1989). Kirkland and other plaintiffs filed suit against National Mortgage for violations of the Truth-in-Lending Act related to their loan agreements with the mortgage company. Id. at 1368. The parties agreed to a settlement in principle and communicated this intention to the district court. Id. at 1369. Specifically, the general counsel for National Mortgage agreed to deposit $40,000 in settlement funds into the registry of the court. Id. The negotiations broke down, and the general counsel failed to deposit the $40,000 without notifying the district court. Id. Kirkland moved to enforce the settlement, but because the parties had not agreed to all its terms the district court denied the motion. Id. The district court also revoked the general counsel's status as pro hac vice counsel because he "'ignored the fundamental pledge . . . of an officer of this Court—to keep his word.'" Id. The district court later dismissed without prejudice the claims against National Mortgage on the motion of Kirkland. Id. National Mortgage and its general counsel appealed the order that dismissed the complaint solely to challenge

11

the revocation of the general counsel's status as pro hac vice counsel. Id. at 1368. We applied Kleiner and held that we had jurisdiction to review the revocation because "the 'brand of disqualification' on grounds of dishonesty and bad faith could well hang over his name and career for years to come." Id. at 1370.

Neither of the concrete injuries that arose in Kleiner and Kirkland is present here. Both Kleiner and Kirkland involved the disqualification of attorneys who were formally sanctioned for misconduct and threatened with potential collateral consequences, such as disciplinary proceedings by the bar, but the district court did not formally sanction Alfonso and the record discloses no threat of disciplinary action against her. Moreover, in both Kleiner and Kirkland, the attorneys sought reinstatement. Alfonso does not assert a legal right to be reinstated as receiver. Alfonso instead requests that we reverse naked findings of fact that she speculates will harm her professional reputation, but our reversal of those findings of fact would not remedy a tangible injury.

Alfonso argues that our sister circuits have exercised jurisdiction absent "a finding of monetary liability or other punishment" in appeals of findings of attorney misconduct. Walker v. City of Mesquite, Tex., 129 F.3d 831, 832–33 (5th Cir. 1997); see also Butler v. Biocore Med. Techs., Inc., 348 F.3d 1163, 1167–69 (10th Cir. 2003); Sullivan v. Comm. on Admissions & Grievances of U.S. Dist.

12

Court for D.C., 395 F.2d 954, 956 (D.C. Cir. 1968). Walker involved, for example, an appeal of a finding by a district court that an attorney had engaged in "'blatant misconduct'" and violated his obligation of candor. 129 F.3d at 832. The Fifth Circuit, aware of its "duty to assure that lawyers, as officers of the court, live up to their ethical responsibilities," id. at 833 n.5, exercised jurisdiction solely to review a finding of fact because of "the importance of an attorney's professional reputation," id. at 832.

Most circuits have declined to exercise jurisdiction over challenges to naked findings of fact about even attorney misconduct because an order to vacate statements or findings in a judicial opinion alone "would not usually affect any tangible interest, thus placing such an order outside of our Article III power to decide cases and controversies." Clark Equip. Co. v. Lift Parts Mfg. Co., 972 F.2d 817, 820 (7th Cir. 1992); see also Keach v. Cnty. of Schenectady, 593 F.3d 218, 223–26 (2d Cir. 2010); Nisus Corp. v. Perma–Chink Sys., Inc., 497 F.3d 1316, 1319–22 (Fed. Cir. 2007); Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co., 451 F.3d 484, 491 (8th Cir. 2006); United States v. Gonzales, 344 F.3d 1036, 1039–41 (10th Cir. 2003) (mere criticism is not enough); In re Williams, 156 F.3d 86, 89–92 (1st Cir. 1998); cf. Bolte v. Home Ins. Co., 744 F.2d 572, 573 (7th Cir. 1984) (holding that a finding of fact is not an appealable "final decision," 28

13

U.S.C. § 1291) (Posner, J.).  We agree.  Not only would a judgment in this appeal fail to remedy a tangible injury to Alfonso, but the government would not be affected by any judgment that we might enter.

We cannot exercise jurisdiction over this appeal.  To do so would open our doors to "all who might be subject to critical comments by a district judge."  Bolte, 744 F.2d at 573.  "The net result [of deciding this kind of appeal] would be tantamount to declaring open season on trial judges."  Williams, 156 F.3d at 91.  "If chastened [professionals] can enlist appellate courts to act as some sort of civility police charged with enforcing an inherently undefinable standard of what constitutes appropriate judicial comment . . . , trial judges are more likely to refrain from speaking and writing candidly."  Id.  Article III forbids such an expansion of our limited jurisdiction.  We may not review or edit findings of fact untethered from the decisions that affect the legal rights of litigants.

## IV.  CONCLUSION

Alfonso's appeal is not a justiciable controversy.  We **DISMISS** the appeal for lack of jurisdiction.