# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 18, 2011

No. 11-20213
Summary Calendar

Lyle W. Cayce
Clerk

OMEGA CLAIMS SOLUTIONS, INCORPORATED,

Plaintiff

SCOTT ROTHENBERG,

Appellant

v.

N'SITE SOLUTIONS, INCORPORATED, now known as Claimhub, Incorporated,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1102

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

After arbitration on the breach of an Asset Purchase Agreement relating to an Iowa call center sold by N'Site Solutions, Inc. ("N'Site") to Omega Claims Solutions, Inc. ("Omega"),  Omega filed suit in a Texas state court alleging that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20213

the award was in violation of 9 U.S.C. § 10(a)(3). N'Site removed the case to federal court, and cross-motions for summary judgment were filed by N'Site and Omega. The district court found Omega's challenge to the award to be meritless and entered a final judgment on December 17, 2009 for N'Site.

At the end of that order, the district court stated about Omega's counsel, Scott Rothenberg:

> As a final matter, and for the reasons discussed above, Omega has forced N'Site to pursue a costly and time-consuming course to enforce the arbitration award made on December 19, 2008. The Court believes that Omega's counsel, Scott Rothenberg, spearheaded a campaign of misinformation and delay in a Quixotic quest to vacate an arbitration award that was, as this Court has found, decided thoughtfully, fairly, and well within the confines of the AAA Rules. Accordingly, the Court finds that Mr. Rothenberg's actions in this case are sufficient to warrant the *sua sponte* imposition of Rule 11 sanctions. However, in light of the Court's decision to award costs and attorneys' fees to [N'Site] for the reasons stated above, the Court will exercise its discretion not to order any sanctions at this time for Omega's frivolous claims.

*Omega Claims Solutions, Inc. v. N'Site Solutions, Inc.*, No. 4:09-CV-1102, slip op. at 12 (S.D. Tex. Dec. 17, 2009). Rothenberg did not appeal that order. On March 29, 2011, N'Site timely filed its notice of appeal of two later orders by the district court. Pursuant to Federal Rule of Appellate Procedure 4(a)(3), Rothenberg filed his notice of appeal, appealing the December 17, 2009 order. N'Site later voluntarily dismissed its appeal, leaving only Rothenberg's appeal of the December 17, 2009 order pending.

N'Site argues that the December 17, 2009 order is not appealable because, it contends, the district court issued no sanction. Although not stylized as such in its brief, what N'Site is arguing is that Rothenberg lacks standing because Rothenberg has suffered no injury-in-fact. *See K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010). Although in *Walker v. City of Mesquite, Tex.*, 129 F.3d 831

2

(5th Cir. 1997), we held that damage to an attorney's professional reputation because of a sanction is sufficient to confer standing, *see id.* at 832–33, here, there was no sanction. The district court expressly stated it was "exercis[ing] its discretion *not* to order any sanctions at this time." *Omega Claims*, No. 4:09-CV-1102, slip op. at 12. The mere conclusion that Rothenberg's actions were "sufficient to warrant the *sua sponte* imposition of Rule 11 sanctions," *id.*, is neither sufficiently concrete and particularized nor actual and imminent to confer standing.

For the foregoing reasons, we DISMISS Rothenberg's appeal for lack of jurisdiction.

DISMISSED.