[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14773
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cv-01712-CPT

OCTAVIO ZUNIGA,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 28, 2019)

Before WILSON, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Octavio Zuniga appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration to partially deny his application for supplemental security income.  Mr. Zuniga argues that the Administrative Law Judge erred by changing his previous residual functional capacity ("RFC") finding on remand because he was bound by that prior finding under the law of the case doctrine, the mandate rule, and *res judicata*.  We disagree and therefore affirm.

Mr. Zuniga urges us to adopt a rule holding that the doctrines of law of the case, the mandate rule, and *res judicata* apply to Social Security appeals.  We need not decide whether to do so in this case.  Because the Commissioner's vacatur of the ALJ's earlier opinion wiped away the ALJ's prior factual findings, the ALJ was not bound by his previous RFC finding.

Generally, under the law of the case doctrine, an appellate court's findings of fact and conclusions of law are binding in all subsequent proceedings in the same case, whether in the trial court or on a later appeal.  *See This That & the Other Gift & Tobacco, Inc. v. Cobb Cty.*, 439 F.3d 1275, 1283 (11th Cir. 2006).  The mandate rule requires compliance on remand with the appellate court's instructions and forecloses relitigation of any issue that the appellate court expressly or impliedly decided.  *See Johnson v. KeyBank Nat'l Ass'n (In re Checking Account Overdraft Litig.)*, 754 F.3d 1290, 1296 (11th Cir. 2014).  Finally, *res judicata* in the administrative realm applies when an agency has "made a previous determination or

2

decision . . . about [a claimant's rights on the same facts and on the same issue or issues, and [that] previous determination or decision become[s] final by either administrative or judicial action."  20 C.F.R. § 404.957(c)(1).  *See also Cash v. Barnhart*, 327 F.3d 1252, 1254–55 (11th Cir. 2003).  For any of these doctrines to bar relitigation of an issue, an earlier decision must be extant.

But a vacated opinion or order is "officially gone," and therefore cannot provide a basis for the three doctrines under which Mr. Zuniga seeks relief.  *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002).  That is, a vacated opinion has "no legal effect whatever.  [It is] void."  *Id.*  "None of the statements made [therein] has any remaining force[.]"  *Id.*  Stated differently, "a general vacat[ur] . . . vacates the entire judgment below, divesting the lower court's earlier judgment of its binding effect."  *United States v. M.C.C. of Fla., Inc.*, 967 F.2d 1559, 1561 (11th Cir. 1992).  *See also Quarles v. Sager*, 687 F.2d 344, 346 (11th Cir. 1982) ("The judgment of the district court was vacated; thus, no final judgment on the merits exists.").

Because the Appeals Council vacated the ALJ's earlier opinion, that opinion was stripped of its binding effect.  Accordingly, the ALJ was not required to abide by his prior RFC finding on remand.  We therefore affirm the Commissioner's decision in this matter.

**AFFIRMED.**

3