[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14026
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-00713-AEP

MARIA MENDEZ,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 27, 2021)

Before JILL PRYOR, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Maria Mendez appeals the district court's affirmance of the Commissioner of Social Security Administration's ("SSA") decision denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Mendez argues that the administrative law judge ("ALJ") violated the law-of-the-case doctrine and the mandate rule in his 2017 decision by reconsidering a prior finding of her residual functional capacity ("RFC") after remand from the district court in Mendez's appeal from the denial of her claim by another ALJ in 2013.  She asserts that the remand order implicitly adopted the findings from the prior 2013 decision and did not allow the ALJ to reconsider the RFC finding.  Based on our review of the record, and after reading the parties' briefs, we affirm the district court's order affirming the Commissioner's ruling.

## I.

In August 2011, Mendez applied for a period of disability, DIB, and SSI, alleging that her disability began on December 31, 2007.  After conducting a hearing, the ALJ determined that Mendez was not disabled ("2013 decision").  The Appeals Council denied review of the ALJ's 2013 decision.  In 2015, Mendez filed another application for DIB and SSI, again alleging that her disability began on December 31, 2007.

2

Mendez filed suit in federal district court, and in July 2016, a magistrate judge reversed and remanded the Commissioner's decision (the "remand order"). The magistrate judge determined that the ALJ failed to account for all of Mendez's impairments when posing the hypothetical to the vocational expert ("VE"), which required remand because the hypothetical was incomplete. In November 2016, the Appeals Council issued an order vacating the final decision of the Commissioner and remanding the case to the ALJ. The Appeals Council directed the ALJ to consolidate Mendez's 2011 claim and her 2015 claim and to issue a new decision on the consolidated claims. It also directed the ALJ to offer Mendez the opportunity for a hearing, to take any further action needed to complete the administrative record, and to issue a new decision.

After a hearing, the ALJ issued a decision in September 2017 in which he denied relief because he found that Mendez was not disabled. In relevant part, the ALJ found that Mendez had a RFC that enabled her to perform the full range of medium work. The ALJ found that Mendez was able to perform past relevant work as a harvest worker, so she was not disabled and was ineligible for benefits. The Appeals Council declined to review the 2017 decision. Mendez filed the present complaint in federal court seeking review of the Commissioner's decision affirming the ALJ's 2017 decision, specifically asserting that the ALJ violated the law-of-the-case doctrine and the mandate rule by reconsidering the RFC finding.

The magistrate judge affirmed the Commissioner's final decision, finding particularly that in the previous appeal, the only issue presented to the district court was whether the hypothetical to the VE was sufficient. As such, the magistrate judge found that the remand order did not explicitly or implicitly make any findings regarding Mendez's RFC, so the ALJ did not violate the law of the case or the mandate rule in the 2017 decision. In addition, the magistrate judge found that the Appeals Council had vacated the 2013 decision and that the ALJ acted consistently with the order from the Appeals Council. Finally, the magistrate judge found that, to the extent that Mendez challenged the basis for the RFC finding, substantial evidence supported the 2017 decision. Mendez timely appealed.

## II.

We review *de novo* the legal principles upon which the ALJ's decision is based, but the ALJ's factual findings are conclusive if supported by substantial evidence. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018). We also review *de novo* whether the ALJ has complied with a remand order, s*ee Sullivan v. Hudson*, 490 U.S. 877, 885-86, 109 S. Ct. 2248, 2254-55 (1989), the extent to which the law-of-the-case doctrine applies, *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005), and whether a mandate has been complied with, *Cambridge Univ. Press v.*

4

*Albert*, 906 F.3d 1290, 1298 (11th Cir. 2018).  We have applied the harmless error standard to Social Security appeals.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

Eligibility for DIB and SSI requires that the claimant be disabled.  42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1).  A claimant is disabled if she is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The ALJ uses a five-step, sequential evaluation process to determine whether a claimant is disabled.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe and medically-determinable impairment; (3) has an impairment, or combination thereof, that meets or equals a Listing, and meets the duration requirement; (4) can perform past relevant work, in light of her RFC; and (5) can make an adjustment to other work, in light of her RFC, age, education, and work experience.  *See id.*; 20 C.F.R. § 404.1520(a)(4).

At step four of the sequential evaluation, the ALJ assesses the applicant's RFC and past relevant work to determine whether the applicant can return to her former work.  20 C.F.R. § 404.1520(a)(4)(iv).  An RFC determination is an

assessment, based on all the relevant evidence, of a claimant's remaining ability to do work despite her impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). This includes considering a claimant's medically determinable impairments, regardless of whether an impairment was found to be non-severe at an earlier step. 20 C.F.R. § 404.1545(a)(1), (2). The Commissioner has a limited burden at step five to show that a significant number of jobs exist that a claimant can perform. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The Commissioner can utilize the testimony of a VE to meet this burden of showing that the claimant can perform other jobs. *Id.* § 416.966(e).

Following a federal court remand, the ALJ may consider any issues relating to the claim, regardless of whether they were raised in earlier administrative proceedings. 20 C.F.R. §§ 404.983, 416.1483. An ALJ may take any additional action that is "not inconsistent" with the Appeals Council's order implementing the district court's remand order. *See id.* §§ 404.977(b), 416.1477(b). We have determined that different ALJs may weigh the same evidence differently, and "there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015).

Under the law-of-the-case doctrine, an appellate court's findings of fact and conclusions of law are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal. *This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006). The mandate rule, which is a specific application of the law of the case, binds a lower court to execute the mandate of the higher court without examination or variance. *Cambridge Univ. Press*, 906 F.3d at 1299. A court "may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985). The law-of-the-case doctrine and the mandate rule do not extend to issues that the appellate court did not explicitly or implicitly address. *Id.* at 1120.

### III.

Assuming without deciding that the law-of-the-case doctrine and the mandate rule apply in the SSA context, *see Maxwell v. Comm'r of Soc. Sec.*, 778 F. App'x 800, 802 n.1 (11th Cir. 2019) (assuming that the doctrines apply but determining that the ALJ did not exceed the scope of the remand order by reconsidering a claimant's manipulation abilities because the remand order did not make an express or implied finding regarding those abilities), we conclude that the ALJ did not err because there was no law of the case regarding Mendez's RFC. The record demonstrates that in her previous appeal, Mendez argued only that the

7

ALJ provided an incomplete hypothetical to the VE, which is part of step five, so the remand order did not implicitly or explicitly adopt the prior RFC findings, which is part of step four. Additionally, because the 2013 decision was vacated by the Appeals Council, it no longer has any legal effect. *See United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (stating that vacated decisions "are officially gone" and "have no legal effect whatever"). Thus, the previous RFC finding did not bind the ALJ after remand.

In issuing the 2017 decision, the ALJ complied with the relevant regulations regarding remand because the ALJ did not take any actions inconsistent with the remand order or the Appeals Council's order. The Appeals Council ordered the ALJ to allow Mendez to have another hearing and submit new evidence, which the ALJ did. Neither the remand order nor the Appeals Council's order prohibited the ALJ from revisiting the prior findings, so the fact that the ALJ did so is not inconsistent with those orders.

Finally, even if the ALJ mischaracterized the remand order when he stated that the remand order found that the 2013 decision lacked clarity as to Mendez's ability to stand, any error was harmless. In the 2017 decision, the ALJ did not state that the remand order required him to reconsider Mendez's ability to stand, and there is no indication that this mischaracterization affected the RFC finding because the ALJ cited record evidence in explaining his finding that Mendez had

8

no standing limitations. Accordingly, based on the aforementioned reasons, we affirm the district court's order affirming the Commissioner's decision denying Mendez's claim for a period of disability, DIB, and SSI.

**AFFIRMED**.[1]

---

[1] Mendez did not raise before the district court whether substantial evidence supports the Commissioner's decision, and on appeal, she makes at most only a passing reference to substantial evidence. Thus, she has abandoned that claim. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (explaining that we need not address an issue the claimant failed to raise in the district court); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (explaining that an appellant abandons an issue that she fails to raise in her appellate brief, which can occur when she mentions the argument only through passing reference).