[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13679

Non-Argument Calendar

_____

SHANTELL LEWIS,

Plaintiff-Appellant,

*versus*

HERNAN CASTRO,
individual and official capacity,
SHEREA-ANN FERRER,
individual and official capacity,
CHRISTY C. COLLINS,
individual and official capacity,
FLORIDA DEPARTMENT OF REVENUE,
Child Support Services,

2                    Opinion of the Court                    24-13679

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-01608-PGB-RMN

_____

Before Branch, Grant, and Brasher, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. On November 1, 2024, Shantell Lewis, proceeding *pro se*, filed a notice of appeal from the district court's October 28, 2024, order dismissing the case without prejudice. Lewis also filed a timely construed motion to reconsider that order. *See* Fed. R. App. P. 4(a)(4). On November 5, 2024, the district court granted that motion, vacated the order, and reopened the case for further proceedings.

We lack jurisdiction over this appeal because the vacated October 28 order is "officially gone" and has "no legal effect whatever." *See United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (*en banc*). For that reason, even if we were to conclude that the district court erred in the October 28 order, we would be unable to give meaningful relief, and so this appeal is moot. *See Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009); *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d

1182, 1189 (11th Cir. 2011). Additionally, Lewis's November 1, 2024, notice of appeal is ineffective to appeal the district court's November 25, 2024, order of dismissal because that order did not exist at the time that Lewis filed the notice. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998).

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.