[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11419

Non-Argument Calendar

_____

CHRISTINA HEFFNER,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-00404-AEP

_____

Before NEWSOM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Christina Heffner appeals an order of a magistrate judge,[1] which affirmed a 2022 decision of a Social Security Administration ("SSA") Administrative Law Judge ("ALJ") that denied her application for Disability Insurance Benefits ("DIB"), 42 U.S.C. § 405(g), and granted her application for Supplemental Security Income ("SSI"), 42 U.S.C. § 1383(c). Before both the magistrate judge and before this Court, Heffner presses one legal challenge to the ALJ's 2022 decision; specifically, she contends that the ALJ exceeded the mandate of the district court and violated the law-of-the-case doctrine.[2]

Heffner's case began in January 2018, when she first applied for DIB and SSI. The Administration denied her claims, initially and upon reconsideration, so Heffner requested an administrative hearing. An ALJ held a hearing and issued a decision in March 2020, in which the ALJ determined that Heffner had a residual functional capacity ("RFC") which would allow her to perform "sedentary work," *see* 20 C.F.R. §§ 404.1567(a) & 416.967(a), with several limitations. In finding that there were sufficient jobs in the national economy that Heffner could perform, the ALJ determined that

---

[1] A magistrate judge presided over the case with the parties' consent and issued the order on appeal. *See* 28 U.S.C. § 636(c).

[2] We review this legal issue *de novo*. *See Weidner v. Comm'r of Soc. Sec.*, 81 F.4th 1341, 1344 (11th Cir. 2023).

Heffner was not disabled "from September 16, 2015, through" March 9, 2020, for purposes of DIB and SSI, and denied her claims. Heffner sought review before the SSA Appeals Council, but the Council denied review.

Heffner then filed suit in district court, for the first time. Rather than opposing her suit, the Commissioner moved to remand. The Commissioner explained that, on remand, the Council would order "the [ALJ] to obtain supplemental vocational evidence, addressing and resolving inconsistencies between the residual functional capacity and the jobs identified that [Heffner] can perform in the national economy . . . ; update the administrative record; offer [Heffner] the opportunity for a hearing; and issue a new decision." Heffner did not oppose the Commissioner's motion, so the district court remanded the case without making any factual findings, stating that the case was remanded "pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the reasons stated in the" Commissioner's motion.

On remand, the Council vacated the ALJ's March 2020 decision and remanded the case to an ALJ for a new decision. The Council also instructed the ALJ to consolidate Heffner's case with a second SSI claim that she had filed in January 2021. On remand, Heffner submitted additional evidence and amended the date on which she claimed she became disabled.

A different ALJ held a hearing on Heffner's claims. At the hearing, the ALJ noted that it was "in no [way] bound by any prior [d]ecision" in the case. After the hearing, the ALJ issued a partially

favorable decision, denying Heffner's DIB claim but approving her SSI claim and finding that she became disabled on November 13, 2019. The decision found that, before November 13, 2019, Heffner could perform "light work," *see* 20 C.F.R. §§ 404.1567(b) & 416.967(b), with several limitations. The ALJ also concluded that Heffner was not disabled prior to November 13, 2019, reasoning that sufficient jobs existed in the national economy that she could have performed during that period.

Heffner filed suit in district court for a second time, presenting the sole argument she makes on appeal. Before her second suit was decided, however, we addressed a similar argument in *Weidner v. Commissioner of Social Security*, 81 F.4th 1341 (11th Cir. 2023). In *Weidner* we held that, for the law-of-the case doctrine or the mandate rule to apply, an "earlier decision must still be extant." 81 F.4th at 1345. However, "vacated decisions 'are officially gone. They have no legal effect whatever. They are void.'" *Id.* (quoting *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002)). Accordingly, the law-of-the-case doctrine did not apply in Weidner's case because the ALJ decision had been vacated and it does not apply in Heffner's case for the same reason. *Id.* In addition, where a claimant has filed a new claim and that claim has been consolidated with the initial claim, "[t]he SSA regulations allow an ALJ to consider any issues relating to the claim, whether or not they were raised in earlier administrative proceedings." *Id.* (citing 20 C.F.R. §§ 404.983(a) & 416.1483(a)).

The magistrate judge found that the facts of Heffner's case were "virtually identical," to those in *Weidner* and affirmed the ALJ's decision. We agree. *Weidner* forecloses the sole legal issue Heffner presents on appeal.[3] *Weidner* makes clear that the agency did not err in looking at Heffner's case anew on remand—the Appeals Council vacated the 2020 decision so the prior decision "ha[d] no legal effect whatever," and the regulations allowed the agency to consolidate Heffner's two claims and reach a new decision. *See id.* at 1345.

For these reasons, we **AFFIRM** the magistrate judge's order.

---

[3] Our prior panel precedent rule mandates that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). There is no exception to the rule based on an "overlooked reason" or "perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time." *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (quotation marks omitted); *see also United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018). Accordingly, Heffner's arguments that *Weidner* was incorrectly decided do not change our conclusion.