[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13327

Non-Argument Calendar

_____

PULITIA BELLAMY,

                                        Plaintiff-Appellant,

*versus*

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14381-RMM

_____

Before LAGOA, TJOFLAT, and WILSON, Circuit Judges.

PER CURIAM:

Pulitia Bellamy appeals from a magistrate judge's order affirming an administrative law judge's ("ALJ") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Bellamy argues that the ALJ erred under the mandate rule and the law-of-the-case doctrine by making a new finding as to her residual functional capacity ("RFC") rather than adopting the RFC findings from a prior, vacated decision. After careful review, we affirm.

Bellamy filed applications for DIB and SSI on October 10, 2017, alleging a disability onset date of February 28, 2016. Her applications were denied, and she requested a hearing before an ALJ. After the hearing, the ALJ issued an unfavorable decision. Bellamy sought review by the Appeals Council, which vacated the ALJ's decision, ordered a new hearing, and remanded the matter to address two issues: (1) a mismatch between the RFC as the ALJ determined and as posed in hypothetical questions to the vocational expert at Bellamy's hearing; and (2) the ALJ's failure to consider and assign a persuasive value to the state agency consultant's opinion.

The ALJ then held a second hearing. He again issued an unfavorable decision. However, the RFC findings in the second decision differed from those in the first decision. The ALJ in his first decision determined that Bellamy could sit for six hours and stand

for two hours of an eight-hour workday.  But in his second decision, the ALJ determined that Bellamy could sit, stand, or walk for six hours of an eight-hour workday.  The RFC findings otherwise remained the same.

Bellamy again sought review by the Appeals Council, which the Council denied.  She then sought review in the District Court and consented to the Magistrate Judge's jurisdiction.  The Magistrate Judge affirmed.

Bellamy timely appeals.

★          ★          ★

Bellamy raises the same issue on appeal as she raised before the Magistrate Judge.  She argues that the ALJ erred by exceeding the directives of the Appeals Council, which did not specify any error in the ALJ's initial RFC findings.  She contends that the ALJ's changed RFC findings therefore constitute legal error.

We review *de novo* "the legal principles on which the Commissioner's decision is based."  *Weidner v. Comm'r of Soc. Sec.*, 81 F.4th 1341, 1344 (11th Cir. 2023).  Whether an ALJ has obeyed a remand order or complied with a mandate is a question of law that we review *de novo*.  *Id.*  The application of the law-of-the-case doctrine is also reviewed *de novo*.  *Id.*

Our decision in *Weidner* compels us to affirm the Magistrate Judge's order.  In *Weidner*, the ALJ initially found that the DIB and SSI applicant had an RFC to perform sedentary work.  *Id.* at 1343. The applicant sought review in the District Court, which

remanded to the Appeals Council for further consideration. *Id.* The Appeals Council vacated the ALJ's initial decision, and the subsequent ALJ found that the applicant had an RFC to perform light work with limitations. *Id.* at 1344. On appeal, we determined that the ALJ was not required to abide by the first RFC determination because the ALJ's earlier decision was vacated and without legal effect. *Id.* at 1345.

Bellamy presents nearly identical circumstances here. The Appeals Council vacated the ALJ's first decision and remanded the matter for a new hearing. "[A]s a result of the vacatur, that decision lost its binding effect." *Id.* (citing *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (per curiam)). The ALJ was free to change his RFC findings because he "was not required to abide by the prior RFC finding on remand." *Id.*

Bellamy acknowledges the force of *Weidner* but argues that the Appeals Council implicitly confirmed the ALJ's RFC findings by crafting a limited mandate which precluded the ALJ's changed findings. She cites out-of-circuit precedent to support that argument. Nevertheless, we are bound by our prior-panel-precedent rule to follow our holding in *Weidner*. *See Scott v. United States*, 890 F.3d 1239, 1257 (11th Cir. 2018). Our decision in *Weidner* "bind[s] all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *Peterson v. Comm'r*, 827 F.3d 968, 987 n.30 (11th Cir. 2016).

Because the ALJ's first decision concerning Bellamy's DIB and SSI applications was vacated, it was void and without legal

24-13327                Opinion of the Court                5

effect.  Accordingly, the ALJ in his second decision was not bound to follow the RFC assessment in that vacated decision.  We therefore affirm.

**AFFIRMED.**